IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY M. YOUNG-BEY<br>    Petitioner | *<br>*|
| v. | CIVIL ACTION NO.  JFM-08-2722 |
| | * |
| JOHN A. ROWLEY, et al.,<br>    Respondents | *<br>****** |

## **MEMORANDUM**

    Petitioner Jeffrey M. Young-Bey, an inmate confined at the North Branch Correctional Institution, filed the instant 28 U.S.C. § 2241 application for habeas corpus relief contending that his due process rights were violated, resulting in a loss of good time credits, during disciplinary hearings held on March 4 and March 6, 2008.  Paper No. 1.   Respondents have filed an answer solely addressing whether petitioner has exhausted his available administrative remedies, to which petitioner has replied. Paper Nos. 22, 26, 27 and 28.  No oral argument is necessary because the parties have fully briefed the issues. *See* Local Rule 105.6 (D. Md. 2008).  For the reasons stated below, the court will, by separate Order, direct respondents to answer the substance of the petition.

    Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. *See also, Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973).  A prisoner challenging a disciplinary proceeding has two possible avenues for relief in the state courts.

**1. Administrative Proceedings**

    Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

    1.    Filing a request under the administrative remedy procedure, Division of Correction

          Directive 185-001 *et seq.,* to the warden of the institution where he is confined;
2.      Appealing a denial of the request by the warden to the Commissioner;
3.      Filing a complaint with the Inmate Grievance Office, ("IGO");
4.      Appealing a final decision of the IGO to the Circuit Court;
5.      Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and
6.      <u>If</u> the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

**2. Habeas Corpus Proceedings**

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1.      Filing a petition for writ of habeas corpus in a Circuit Court;[1]
2.      Appealing a decision by the Circuit Court to the Court of Special Appeals;[2] and
3.      Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Respondents' answer indicated that petitioner's cases challenging the disciplinary proceedings are pending in the Circuit Court for Allegany County and before the Maryland Court of Special Appeals and therefore the instant petition should be dismissed. Paper No. 22. A review of the court dockets indicates that petitioner has now exhausted both of these procedures. *See, Young-Bey v. Rowley*, Case No. 01CO8030390, Circuit Court of Maryland for Allegany County, Docket No. 32, (Order dated June 19, 2009 denying Petition for Writ of Certiorari);[3] *See also, Young-Bey v. Rowley*, Case No. 595, September Term, 2008, Court of Special Appeals of Maryland (Dismissed

---

[1] In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997), the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies. It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[2] Although at one time this Court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits. *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

[3] As indicated on the Maryland Judiciary Case Search http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

April 15, 2009).  A separate Order will be entered directing respondent substantively respond to the petition.

  August 31, 2009                                          /s/
  Date                                               J. Frederick Motz
                                                      United States District Judge