IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY M. YOUNG-BEY *
    Plaintiff
    v. * CIVIL ACTION NO. JFM-08-2722

AL DAVIS, et al., *
    Defendants
                      ***

MEMORANDUM

Pending is a pro se 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Jeffrey M. Young-Bey, a state inmate at the North Branch Correctional Institution (NBCI). Petitioner challenges the revocation of 1,000 days good time credit as a violation of his rights under the Due Process Clause. ECF No. 1. Respondents have answered the petition. ECF Nos. 56, 58 & 66.[1] Petitioner has replied. ECF Nos. 61 & 62. The court will deny the petition in a separate order.[2]

**I. Background**

On February 22, 2008, petitioner was in the dietary area of NBCI when he became disruptive and thrust a clenched fist near the face of the dietary manager. ECF No. 56, Ex. 3. On February 23, 2008, petitioner was given written notice of disciplinary charges for disruptive activity, assault or battery on staff, and exhibition, and demonstration or conveyance of insolence, disrespect or vulgar language. *Id*., Ex. 3 & 4. On March 4, 2008, a hearing was held before DOC Hearing Officer Al Davis. Petitioner was represented by another inmate during the hearing. *Id*. Davis considered the sworn notice of inmate rule infraction written by Correctional Dietary Officer Michael, the information reports written by Correctional Officers Ortt and Zais, and testimony of petitioner and Officers Michael and Yanchinch. *Id*. Petitioner was found guilty

---

[1] Exhibit 5 to the Response to Order to Show Cause (ECF No. 56) was not properly docketed and transmitted. Counsel for Respondents has docketed the exhibit at ECF Nos. 58 & 66.

[2] Petitioner has also filed a Motion for Emergency Hearing and Disposition seeking resolution of this petition. The

of assault or battery on staff and exhibition, demonstration or conveyance of insolence, disrespect or vulgar language but found not guilty of disruptive activity. *Id*. Petitioner was sentenced to 365 days of segregation and loss of 365 days of visitation. Petitioner appealed the decision to the Warden, who approved the hearing officer's decision on March 31, 2008. *Id*.

On the day of the February 22, 2008 incident, while petitioner was in his single cell at NBCI he was advised that he was being placed on segregation for the infraction committed earlier in the day. ECF No. 56, 58 & 66. Officers Cutter and Davis removed petitioner from his cell and placed him in a chair facing his cell while Cutter packed petitioner's property. At that time, Cutter found a plastic knife under petitioner's bottom bunk. The knife identified as belonging in the officer's dining room, was deemed stolen state property. *Id*.

On that same date, petitioner was issued a notice of rule infraction charging him with possession of a weapon and unauthorized possession or theft of state property or dietary supplies. ECF No. 56, Ex 4, ECF Nos 58 &. 66. A hearing was held on March 6, 2008, before Hearing Officer Nastri. Petitioner was represented by another inmate at the hearing. The hearing officer considered the sworn notice of inmate rule infraction written by Officer Cutter, the information report written by Officer Davies, as the testimony of petitioner and Lieutenant Fritz who supervised the search of petitioner's cell. The hearing officer also considered the chain of evidence report, a photograph of the knife, and the knife. ECF Nos. 56, 58 & 66. Petitioner was found guilty of the charged rule violations. He was sentenced to 365 days of segregation and 365 days loss of visitation, and 1,000 days of good conduct credits were revoked. *Id*. Petitioner appealed the decision to the Warden, who on March 31, 2008, approved the hearing officer's decision. *Id*.

**II. Analysis**

In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right

---

motion shall be denied as moot.

to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Plaintiff received all the process he was due. He was given timely advance written notice of both infractions and was permitted to attend both disciplinary hearings and to call witnesses on his own behalf. Moreover, the hearing officer's determination of guilty findings in both instances was based upon some evidence, i.e. review of petitioner's testimony, other inmate testimony, staff testimony, physical evidence, and the written record; upon which the hearing officer based determinations as to credibility. Plaintiff also received a written decision after each hearing which included a statement of the evidence that the hearing officer relied upon and the reasons for the decision. ECF No., 56, ECF Nos. 58 & 66.

Petitioner's contention that he was denied certain witnesses does not state a due process violation. "[T]here is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Piggie v. Cotton*, 344 F. 3d 674, 677 (7th Cir. 2003). The hearing office disallowed the testimony of Officer Judy as to the first incident finding that her testimony "would be cumulative in nature to the other two [requested] witnesses." *Id*., Ex. 3. Some of petitioner's requested witnesses as to the second incident were denied when the hearing officer found that their testimony was either irrelevant or repetitive to the proffered testimony of other witnesses. ECF Nos. 58 & 66. Petitioner has done nothing to refute these findings.

Young-Bey's contention that he was improperly denied the opportunity to present

evidence is also belied by the record. Petitioner maintains that it was improper to deny him the opportunity to present video surveillance footage taken at the time and place of the incidents. HO Davis found that there was no video available for review. Davis further found that if there were such a video, security protocols would prohibit the use of surveillance footage at the disciplinary hearing. ECF No. 56, Ex. 3. A finding that use of certain evidence would be inconsistent with institutional safety, does not constitute a due process violation. Petitioner's claim that he was denied the right to have a representative assist him is contradicted by the record which reveals that petitioner had an inmate representative at both hearings. ECF No. 56, Ex. 3, ECF Nos. 58 & 66.

Petitioner's contention that his hearings were untimely held and the hearing officers engaged in ex parte communication with staff prior to the hearings, in violation of the Code of Maryland Regulations and DOC directives, demonstrate no prejudice and no claim of constitutional dimension. The mere fact that a DOC rule governing adjustment hearings was violated does not necessarily equal a due process violation. *See Riccio v. County of Fairfax*, 907 F.2d 1459, 1456 (4th Cir. 1990) ("a state does not necessarily violate the constitution every time it violates one of its rules."); *Ewell v. Murray*, 813 F. Supp. 1180, 1183 (W.D. Va. 1995) ("Even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due."). Petitioner's contention that he did not receive a hearing on the charges within seven days of receipt of the notice of rule infraction, per DOC rules, does not establish a due process claim, nor has petitioner pointed to any prejudice due to his hearings being delayed three days and six days, respectively. Petitioner has failed to

4

describe with any particularity the ex parte discussions he alleges occurred and how these discussion prejudiced his case.

To the extent petitioner contends that his placement on disciplinary segregation violates his right to due process, his claim likewise fails. In general, prisoners do not have a constitutional right to demand to be housed in one prison verses another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the focus on mandatory language in prison regulations was rejected. A liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations. *Id.* at 484. Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id*. As a prisoner, petitioner is not entitled to the process due to persons who remain at liberty. "Prisoners held in lawful confinement have their liberty curtailed by definition, so the procedural protections to which they are entitled are more limited than in cases where the right at stake is the right to be free from confinement at all." *Wilkinson v. Austin*, 545 U.S. 209, 225 (2005). He is not entitled to an adversarial hearing, witnesses, evidence introduction, or other trappings of a full trial. The undersigned finds that the process afforded to petitioner in his adjustment proceeding, prior to his being placed on disciplinary segregation met with minimal constitutional standards.

**III. Conclusion**

Upon review of the petition, the court determines Young-Bey is not eligible for federal habeas corpus relief under 28 U.S.C. §2241. The petition will be denied by separate Order.

Date:   March 14, 2011                                    /s/_____
                                                         J. Frederick Motz
                                                         United States District Judge